UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.  4:16CR0374 JAR |
| ) | |
| ROLAND HOEFFENER, ) | |
| ) | |
| Defendant. ) | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S SENTENCING MEMORANDUM**

Comes now the United States of America, by and through its attorneys, Jeffrey B. Jensen, United States Attorney for the Eastern District of Missouri, and Colleen Lang, Assistant United States Attorney for said District, and files its' response to the defendant's sentencing memorandum:

Defendant Roland Hoeffener pled guilty to three counts in a three count superseding indictment, these charges included Receipt of Child Pornography and Possession of Child Pornography.  The government believes that the defendant's Untied States Sentencing Guideline's Total Offense Level is thirty-one (31).  The U.S. Probation Office has provided a Pre-Sentence Report (PSR) to the Court, which states that the Total Offense Level is thirty-six (36) and the defendant does not have any criminal history points.  The government has looked at all the facts in Mr. Hoeffener's case and compared it to other similarly situated defendants.  After this review, the government believes that a sentence of 132 months in prison, which is within the guideline range of Total Offense Level thirty-one (31), is appropriate.  In spite of this, the

defendant requests that the Court grant him a very large downward variance and requests the mandatory minimum sentence of 60 months in prison. This severe downward variance should be rejected.

Nelson Mandela has said that, "There can be no keener revelation of a society's soul than the way in which it treats its children." *United States vs. Cunningham,* 680 F.Supp.2d 844 (N.D.Ohio, 2010). In referring to this quote, one federal court noted, "Given the recent statistics surrounding child pornography, we are living in a country that has lost its soul." *Id.* The public is abhorred by the thought of someone watching children being raped by adults. And yet, when these cases come before the Court, invariably there appears to be attempts to downplay the conduct by claiming the defendant was just "looking at images" that the internet made so easy to find.

### A. The Defendant is Not the Victim in this Case.

In the defendant's sentencing memorandum, he stresses that being charged with the crimes of Receipt and Possession of Child Pornography have led him to be depressed and possibly suicidal. The defendant believes that this case has led him to lose his business, his savings, and now he is facing "life" in prison. The defendant is not the victim in this case. The defendant's serious criminal behavior and actions, have led him to facing some prison time, but not a lifetime in prison. The victims in this case are the children – hundreds of children in this case- that the defendant viewed being sexually abused online. About seventeen (17) of these child victims have submitted victim impact statements to the Court explaining how horrible they feel knowing that people like the defendant seek out and view images and videos of them being sexually abused. They are the victims in this case, not Mr. Hoeffener.

While the Government understands that the defendant worked hard in his life to provide for his family, however, it did not prevent him from leading a second criminal life of looking for illegal images of children online.  And while, the government also appreciates that the defendant obtained counseling for his interest in child pornography after his arrest, being an educated person with means, the defendant should have sought counseling when his addiction to looking for child pornographic images online began.

The defendant pled guilty to possessing 34,000 images of child pornography on eleven (11) separate computer devices.  There was evidence on the computers that the child pornography had been downloaded from peer-to-peer software located on his computers.

The defendant admitted to the police that he looked for images of child pornography on the internet using terms such as "PTHC."  He admitted that he had been downloading child pornography for over ten (10) years.  The dates showing when the videos and images were saved go back years before the arrest.

Regarding the nature of his large child pornography collection, he possessed material depicting the sadistic and masochistic abuse of children including images of bondage and some images of toddler-aged children being sexually abused.  It can give the Court no comfort that the defendant possessed images depicting prepubescent children being vaginally and anally penetrated.  The children in these images are young, with many of the children in the defendant's collection of child pornography appearing to be under the age of twelve.  The search terms the defendant used to locate this child pornography indicate his intent to seek out images where children are engaged in sex acts.  The defendant used peer-to-peer networks, which required him

3

to share images of child pornography while downloading them, thereby perpetuating the distribution of child pornography online.  Further, the defendant admitted to Sgt. Adam Kavanaugh that he sexually abused children, including his own daughter when she was two-years-old.

The size of the defendant's child pornography collection; the length of time he looked for these images;  the possession of material depicting young children; the possession of material that includes images of bondage, and violence against children; his prior "hand's on" offenses; and the defendant's possible indiscriminate distribution to others all lead to sentence of 132 months incarceration. A sentence of  sixty (60) months is not appropriate in this case.

**B.  Sentence of 132 Months in Prison is Not a Lifetime Sentence.**

In the defendant's sentencing memorandum, he refers to age as a reason not to receive more than sixty (60) months in prison. While Mr. Hoeffener, may be seventy years old, he is not suffering for any terminal illnesses at this time.  If the defendant is sentenced to eleven years in prison, he would most likely be out of custody after about nine years. He may not even be 80 years old when he is released. The defendant has been committing sex crimes against children since 1975, he was just not discovered until 2013.  Due to the large amount of computer devices in his home (48 computer devices and 98 optical discs were seized and had to be reviewed.), as well as, the large backlog of these types of cases in our jurisdiction around 2013, the forensics were not finished until Spring of 2016. The case was presented to the Grand Jury in August of 2016.  So while there was a delay between the arrest and the indictment, it should not diminish the long history of criminal sexual behavior by the defendant.

4

132 months in prison is not a lifetime sentence, but it is appropriate sentence in this case based on the facts and circumstances.

C. **Restitution**.

Eight (8) separate series of child pornography, containing about seventeen (17) different children, have requested restitution in this case. It is within their full rights under the law to request restitution from this defendant because of his criminal actions against them. Restitution to child pornography victims is mandatory. 18 U.S.C. § 2259(a). *Also See United States vs. Paroline*, 134 S.Ct. 1710 (2014). Under the law, all 119 known and identified victims of the defendants could have requested restitution from him. Had the defendant not committed a crime with victims, he would not owe restitution. The restitution requests are a consequence of his criminal actions. In an attempt to provide guidance to district courts in determining amounts of mandatory restitution, the Supreme Court held that:

> where it can be shown both that a defendant possessed a victim's images and that a victim has outstanding losses caused by the continuing traffic in those images but where it is impossible to trace a particular amount of those losses to the individual defendant by recourse to a more traditional causal inquiry, a court applying § 2259 should order restitution in an amount that comports with the defendant's relative role in the causal process that underlies the victim's general losses.

*Paroline*, 134 S. Ct. at 1727.

It is undisputed that Defendant Hoeffener possessed images of victims "Vicky," "Marineland," "Casseaopeia," "Maureen," "Jan Socks," "8kids," "Sweet Sugar," and "Jenny." It is also undisputed that the victims have outstanding losses caused by continuing traffic of their pornographic images. The material submitted by these victims easily established proximate cause. As outlined in detail in their filings, these children suffered profound psychological injury

5

as a result of their images being trafficked online and they require counseling for rest of their lives as a result. Doc. #137-144. The amounts proposed by the government are logical and relevant to the defendant's conduct.  The amounts proposed by the government are neither "too severe" nor "nominal."

      This case is similar to *United States vs. Beckmann* 786 F.3d 672 (8th Cir. 2015). Like Hoeffener, Beckmann possessed images of child pornography and did not produce it. The Eighth Circuit Court of Appeals found the District Court's awards of $3,000 to each child pornography victim reasonable and upheld the awards[1]. The *Beckmann* Court cited *Paroline,* "all persons who reproduce, distribute, or possess child pornography play a part in 'sustaining and aggravating this tragedy.'" *Beckmann*, 786 F.3d at 682 (internal citation to *Paroline* 134 S. Ct. at 1726).  Further, the amounts proposed by the government are in line with new legislation just passed by Congress. This new legislation orders the Courts to award at least $3,000 per victim/per case to

---

[1] Footnote 9 in *Beckmann* cites restitution awards in similar cases. "*See, e.g., United States v. Rogers,* 758 F.3d 37, 39 (1st Cir. 2014) (upholding possessor's restitution of $3,150 to victim who appeared in 9 video clips); *United States v. Hagerman,* 586 F. App'x 64, 65 (2d Cir. 2014) (affirming restitution of $3,281 for mere possession); *United States v. Bellah,* No. 13–10169–EFM, 2014 WL 7073287, at *4 (D. Kan. Dec. 12, 2014) (in possession case, awarding $1,500 for victim in 1 image, $1,500 for victim in 3 images, $7,500 for each of five victims within series containing 68 images, and $5,000 for victim in 3 videos and 8 images); *United States v. Reynolds,* No. CRIM. 12–20843, 2014 WL 4187936, at *7 (E.D. Mich. Aug. 22, 2014) (awarding $8,000 for possession of 16 images of victim, and $14,500 for possession of 19 images of another victim); *United States v. Hernandez,* No. 2:11–CR–00026–GEB, 2014 WL 2930798, at *10 (E.D. Cal. June 26, 2014) (restitution of $2,282.86 ordered for possessor based on 1 video and unidentified number of images); *but see United States v. Cooley,* No. 4:14–CR–3041, 2014 WL 5872720, at *3 (D. Neb. Nov. 12, 2014) (awards of $1,910.46, $69.64, $24.24, $18.30, and $184.14).*" *Id.* at 683, footnote 9.

6

every child pornography victim that requests restitution. See "The Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018" which amends Title 18 U.S.C. Section 2259(b). Courts may consider the $3,000 minimum restitution amount for cases like the defendants, which were committed before the bill was signed into law in December of 2018. Clearly Congress thinks that restitution awards in child pornography cases should be at least $3,000 per child. The proposed amounts by the government are not arbitrary. The proposed amounts are based on prior cases, the new legislation, the number of victims in each Series requesting restitution, the amount of restitution the victims have already received nationally, and the amount of images the defendant had of each victim:

1. $4,000 to the five (5) victims of the "8Kids" Series – the defendant possessed six (6) images of "8Kids;"

2. $3,000 to the victim in the "Jenny" Series – the defendant possessed one (1) image of "Jenny;"

3. $3,000 to the two (2) victims in the "Lighthouse" Series ("Maureen and Cassiopeia") – the defendant possessed two (2) images of the "Lighthouse" Series;

4. $4,000 to victim "Vicky" – the defendant possessed at least seventeen (17) images and two (2) videos of "Vicky;"

5. $3,000 to the three (3) victims of the "Sweet Sugar" series – the defendant possessed one (1) image of "Sweet Sugar;"

6. $4,000 to the four (4) victims in the "Jan Socks" Series – the defendant possessed six (6) images of "Jan Socks;"

7

7. $3,000 to the victim in the "Marineland" Series – the defendant possessed seven (7) images of "Marineland."

The government is unaware of the defendant showing any remorse in this case to these victims. The proposed restitution amounts by the government are fair and in accordance with the *Paroline* decision.

**D. Conclusion**

In summary, the Government objects to the severe downward variance requested by the defendant. The defendant knowingly possessed more than 34,000 images of child pornography. These images in the defendant's collection depict horrific child sexual abuse of real children. The children in these images and videos are all too real. Based on the defendant's prior hand's on sexual abuse, his extensive collection of child pornography, the amount of time he has spent looking for child pornography, and the type of child pornography he possessed, the government believes a sentence of 132 months in prison followed by lifetime supervised release, is appropriate in this case.

Respectfully submitted,

JEFFREY B. JENSEN
United States Attorney

  *s/ Colleen C. Lang*
COLLEEN C. LANG, #56872MO
Assistant United States Attorney
111 S. 10th Street, Room 20.333
St. Louis, Missouri 63l02
(314) 539-2200

8

## CERTIFICATE OF SERVICE

      I hereby certify that on January 4, 2019, the foregoing was filed electronically with the Clerk of the Court to be served by email upon the following:

Dan Juengel
Attorney for the Defendant

                                            *s/ Colleen C. Lang*
                                            COLLEEN C. LANG, #56872MO
                                            Assistant United States Attorney